Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : Fort Bend    Help

# REGISTER OF ACTIONS
## CASE NO. 22-DCV-297835

| | |
|---|---|
| Phoebe Burns VS. First Colony Mall, LLC., Lionstone Partners Ltd., Individually and Fictitious Defendant 'A' Individually | § § § § § § |

| | |
|---|---|
| Case Type: | **Injury or Damage - Other Injury or Damage** |
| Date Filed: | **10/04/2022** |
| Location: | **240th District Court** |

---

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant or Respondent | **First Colony Mall, LLC** Austin, TX 78701 | |
| Defendant or Respondent | **Lionstone Partners Ltd.** Houston, TX 77007 | |
| Plaintiff or Petitioner | **Burns, Phoebe** | **Michael D Antalan** *Retained* 713-557-2864(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 10/04/2022 | **Petition** Index # 4 | | | |
| | *Plaintiff Phoebe Burns Original Petition, Rule 193.7 Notice and Request for Disclosures* | | | |
| 10/04/2022 | **Request** Index # 1 | | | |
| | *Civil Process Request Form* | | | |
| 10/04/2022 | **Affidavit/Statement of Inability to Afford Costs** Index # 2 | | | |
| | *Affidavit of Indigency* | | | |
| 10/04/2022 | **Case Information Sheet** | | | |
| | *Civil Case Information Sheet* | | | |
| 10/10/2022 | **Issuance** Index # 5 | | | |
| | *Citation by CM Issued to Lionstone Partners LTD* | | | |
| 10/10/2022 | **Citation by Certified Mail** | | | |
| | CMRRR# 9414 7266 9904 2182 4854 27 | | | |
| | Lionstone Partners Ltd. | Served | 10/17/2022 | |
| | | Returned | 10/21/2022 | |
| 10/10/2022 | **Issuance** Index # 6 | | | |
| | *Citation by C/M Issued to First Colony Mall, LLC* | | | |
| 10/10/2022 | **Citation by Certified Mail** | | | |
| | CMRRR# 9414 7266 9904 2182 4854 34 | | | |
| | First Colony Mall, LLC | Served | 10/17/2022 | |
| | | Returned | 10/21/2022 | |
| 11/14/2022 | **Answer/Contest/Response/Waiver** Index # 7 | | | |
| | *First Colony Mall, LLC's Special Exceptions & Original Answer* | | | |

---

## FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Defendant or Respondent** First Colony Mall, LLC | | |
| Total Financial Assessment | | 10.00 |
| Total Payments and Credits | | 10.00 |
| **Balance Due as of 11/15/2022** | | **0.00** |
| 11/14/2022 | Transaction Assessment | 10.00 |
| 11/14/2022 | E-filing          Receipt # 2022-39499-DCLK          First Colony Mall, LLC | (10.00) |

| | | |
|---|---|---|
| **Plaintiff or Petitioner** Burns, Phoebe | | |
| Total Financial Assessment | | 590.00 |
| Total Payments and Credits | | 0.00 |
| **Balance Due as of 11/15/2022** | | **590.00** |
| 10/07/2022 | Transaction Assessment | 590.00 |

EXHIBIT A

Filed
10/4/2022 6:59 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Dreamy Jose

CAUSE NO. 22-DCV-297835

| | | |
|---|---|---|
| **PHOEBE BURNS** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | Fort Bend County - 240th Judicial District Court |
| *VS.* | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **FIRST COLONY MALL, LLC.,** | § | |
| **LIONSTONE PARTNERS LTD.,** | § | |
| **Individually AND  Fictitious Defendant** | § | |
| **"A"** *Individually* | § | **FORT BEND COUNTY, TEXAS** |
| *Defendants* | | |

## PLAINTIFF PHOEBE BURNS ORIGINAL PETITION, RULE 193.7 NOTICE AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFF *PHOEBE BURNS* hereinafter referred to by name or as Plaintiff, and complains of LIONSTONE PARTNERS LTD., AND FIRST COLONY MALL, LLC., Individually, AND Fictitious Defendant "A" *Individually.* hereinafter collectively referred to by name or as "DEFENDANTS" and for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedures.

## II.
## PARTIES

2.       Plaintiff is an individual residing in Texas.

3.      Defendant, **LIONSTONE PARTNERS LTD.,** is a corporation authorized to do business in the State of Texas with a principle place of business located at 16535 Southwest Fwy, Sugar Land, Texas 77479 and maintains its address at 100 Waugh Ste 600, Houston, Texas 77007 is

EXHIBIT A

conducting business in Texas and may be served with process by serving the Texas Secretary of State, John B. Scott as its agent for service, at P.O. Box 12079, Travis County, Austin, Texas, 78711, because it has not designated a registered agent for service of process.

4.     Defendant, **FIRST COLONY MALL, LLC.,** is a corporation authorized to do business in the State of Texas with a principle place of business located at 16535 Southwest Fwy, Sugar Land, Texas 77479 and may be served with process on its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620, Austin, Texas 78701and/or the Texas Secretary of State, Ruth R. Hughs, as its agent for service, at P.O. Box 12079, Travis County, Austin, Texas, 78711.

### III.
### JURISDICTION & VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants reside and/or does business in the State of Texas. The court has jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of conducting business in Texas and by committing a tort, which is the basis of this suit, in whole or in part in Texas.

6.     Venue is proper before this Court under § 15.002(a) if the Tex. Civ. Prac. & Remedies Code because the acts and/or omissions giving rise to this suit that occurred in El Paso, County, Texas.

### IV.
### FACTS

7.     On or about October 5, 2020, Plaintiff PHOEBE BURNS was an invitee of FIRST COLONY MALL, LLC., and LIONSTONE PARTNERS LTD., located at 16535 Southwest Fwy, Sugar Land, Texas 77479. The Plaintiff PHOEBE BURNS was a public invitee on the premises,

EXHIBIT A

when she slipped and fell on an "unknown and unidentified" substance at or near the parking garage facility causing sever personal injuries to her head, neck, back and other injuries. Defendant failed to adequately warn and make safe the area where the incident occurred causing the Plaintiff severe personal injuries, while and invitee on the premises. The defect on the premises was an "unknown and unidentified" liquid substance that was leaking onto the ground from a nearby trash and waste disposal unit. Accordingly, it was there for a sufficient time as to give Defendants notice of the condition.

**V.**
**CAUSES OF ACTION AGAINST LIONSTONE**
**PARTNERS LTD., AND FIRST COLONY MALL, LLC.**

**A.   NEGLIGENCE**

8.      Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

9.      Defendants were negligent and such negligence proximately caused injuries to Plaintiff. Defendants' negligence includes but is not limited to:

   a.   failing to provide safety devices;

   b.   failing to provide a safe and proper work environment;

   c.   failing to properly supervise;

   d.   failing to use ordinary care;

   e.   failing to warn of dangerous conditions; and

   f.   failing to use ordinary care and make safe the area causing the damages at issue in this case.

10.     Defendants' breach of the above listed duties, among others, proximately caused injuries to the Plaintiff, which resulted in extensive medical treatment, physical therapy and medical bills.

**B.   GROSS NEGLIGENCE**

11.     Moreover, Plaintiff seeks unliquidated damages within the jurisdictional limits of this

EXHIBIT A

Court and Exemplary damages are obtainable as Plaintiffs injuries resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

12.      Defendants had actual and constructive knowledge of the hazardous conditions of the premises. Defendants failed to warn, make safe or take any action to remedy the dangerous condition. This conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and those similarly situated. Defendants has actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety or welfare of Plaintiff or others similarly situated.

13.      Defendants' acts and omissions were unjustifiable and likely to cause serious harm. Defendants' acts and omissions, viewed objectively from the standpoint of Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, objective awareness of the risk involved but nevertheless preceded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff. Therefore, Plaintiffs seek exemplary damages.

### C.      PREMISES LIABILITY

14.      Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

15.      At the time of the incident in question, Plaintiff was an invitee of Defendants. Defendants knew or should have known of the unreasonably dangerous condition and neither corrected or warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendants either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted

EXHIBIT A

negligence, and such negligence was proximate cause of the occurrence in question and Plaintiff's resulting injuries.

16.    Plaintiff would show that based on the above-described facts, Defendants were negligent as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

16.    Defendants is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

    a. Failure to maintain the premises in a reasonably safe condition;

    b. Failure to inspect the premises where the dangerous condition existed;

    c. Failure to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

    d. Failure to inform the Plaintiff of the dangerous conditions existing on the premises;

    e. Negligent hiring, training and/or supervision of their employees;

    f. Other acts deemed negligent.

17.    Each of the foregoing negligent acts and/or omissions whether taken singularly or in any combination, was a proximate cause of the Plaintiff's injuries and damages that are described herein above.

18.    The Defendants was also negligent in that they failed to act as a reasonably prudent premises owner and/or occupier would act in the same or similar situation. The Defendants did not provide a safe walking area, which caused Plaintiff to fall, seriously injuring her body.

19.    On the date of the occurrence made the subject of this litigation, all employees, agents, or servants of the Defendants were acting within the course and scope of their employment or the

official duties and in furtherance of the duties of their employment for Defendants. Thus, Defendants is therefore responsible and vicariously liable under the theory respondent superior for the negligent acts and/or omissions of one or more of its employees, agents, or servants, which also served as a proximate cause of the Plaintiffs' injuries and damages from the occurrence in question.

### D. DTPA DECEPTIVE TRADE PRACTICES

20.     Plaintiff incorporates by reference all of the paragraphs above as if fully set forth herein.

21.     Defendant's knowingly and intentionally engaged in unconscionable conduct or course of conduct in the maintenance and repair of the restaurant equipment that caused the plaintiff injury by failing to properly service and secure the equipment that forms the basis of this complaint. Defendants' conduct took advantage of plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree and the consideration paid so as to cause damages to plaintiff.

22.     Plaintiff has been, and continues to be, damaged as a result of this cause of action in an amount in excess of the minimum jurisdiction of this Court.

23.     Defendant's acts caused plaintiff to suffer mental anguish, including grief, severe disappointment, indignation, and despair, or public humiliation, in that plaintiff lifestyle has been completely altered as a result of the injuries sustained.

24.     Additionally, Plaintiff requests he be awarded attorneys' fees and costs of court as provided under the DTPA.

25.     Furthermore, based on information and belief, Plaintiff believes the above- described action(s) by Defendants was made knowingly and/or intentionally, and have continued. Thus, Plaintiffs request any applicable damages awarded be trebled as provided by the DTPA.

### VI.
### DAMAGES

EXHIBIT A

26.     As a direct and proximate result of the slip and fall, and the negligent conduct of the Defendants FIRST COLONY MALL, LLC. AND LIONSTONE PARTNERS LTD., Plaintiff, PHOEBE BURNS, suffered severe bodily injuries to her head, neck, back and other parts of her body generally. The injuries have had a serious effect on the Plaintiff's health and wellbeing. Some of the effects are permanent in nature and have a serious effect on PHOEBE BURNS's health and well-being. These specific injuries and their ill effect have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequence of her injuries, the Plaintiff suffering and anguish and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for her entire life.

27.     As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention.   These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

28.     As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

29.     Plaintiff asserts that amount of monetary damages awarded to Plaintiff should be decided by a jury of her peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff pleads for monetary relief over $1,000,000.00.

**VII.**
**INTEREST**

30.     Plaintiff further requests both pre-judgment and post judgment interest on all damages as

EXHIBIT A

allowed by law.

## VIII.
## JURY DEMAND

31.     Plaintiff demands a trial by jury and tenders payment to this date of the required jury fee.

## IX.
## REQUEST FOR RULE 194 DISCLOSURES AND PRODUCTION

32.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose within (50) days after service of the citation and petition the information and material described in 194.2(a) through (l).

## X.
## RULE 193.7 NOTICE

33.     Pursuant to Texas Rules of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendants that any and all documents produced by Defendants in response to written discovery maybe used against each Defendant and all Defendants producing the documents at any pre-trial proceeding and/or at the trial of this matter, without the necessity of authenticating the documents.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and on final trial hereafter, Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

   a.  Pain and suffering in the past;
   b.  Pain and suffering in the future;
   c.  Mental anguish in the past;
   d.  Mental anguish in the future;

-8-

EXHIBIT A

e.  Past medical expenses;
f.  Future medical expenses;
g.  Physical impairment in the past;
h.  Physical impairment in the future;
i.  Physical disfigurement in the past;
j.  Physical disfigurement in the future;
k.  Pre judgment interest;
l.  Post judgment interest;
m.  Exemplary damages.
n.  Loss of wages in the past;
o.  Loss of wages in the future; and
p.  Loss of future earning capacity.

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601

By:  /s/ MICHAEL D. ANTALAN
     Michael Antalan
     State Bar No.: 24039615
     *mantalan-svc@*thomasjhenrylaw.com*
     Attorney for Plaintiff

*  **service by email to this address only**

-9-

EXHIBIT A

## EXHIBIT "A"

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

**Please produce the following:**

1.      Documents which identify the owner, manager and/or supervisor of the premises in question on the day in which the incident made the basis of this suit occurred.

**RESPONSE:**

2.      Documents pertaining to the waste management and janitorial services provided **LIONSTONE PARTNERS LTD., AND FIRST COLONY MALL, LLC.,** "agents and assigns" for the property involved in the incident made the basis of this suit.

**RESPONSE:**

3.      Statements, interviews, reports, film, tapes, or recordings of Plaintiffs regarding **LIONSTONE PARTNERS LTD., AND FIRST COLONY MALL, LLC.,,** claim number 9620248539 which forms the basis of this suit.

**RESPONSE:**

4.      Statements, affidavits and/or depositions given by persons with knowledge of relevant facts regarding claim number 9620248539 which forms the basis of this suit.

**RESPONSE:**

5.      Personnel files of employees who submitted/received incident reports or were involved in the incident complained of in Plaintiffs' petition, including but not limited to personnel files for employees who witnessed this incident, rendered assistance to, came in contact with, or engaged in conversation with Plaintiff.

**RESPONSE:**

6.      Photographs, media coverage, film, videotape, moving pictures, and/or other electronic depictions of the incident made the basis of this suit, parties and/or witnesses involved in said incident, and/or injuries resulting from said incident.

**RESPONSE:**

7.      Charts, diagrams, photographs, surveillance photos, films, videos, or any other electronic depictions of the Plaintiffs and/or the premises in question as it was on the day of the incident made the basis of this suit.

**RESPONSE:**

EXHIBIT A

8.      Incident reports regarding the incident made the basis of this suit, including reports that have been created by you, your employees, law enforcement officials, insurance agents involved in the investigation of the incident, or any other individual who witnessed said incident.

**RESPONSE:**

9.      Documents or other items obtained through use of an authorization executed by Plaintiffs.

**RESPONSE:**

10.     Documents that reflect repairs and/or maintenance to the **LIONSTONE PARTNERS LTD., AND FIRST COLONY MALL, LLC.,** property in question during and within one (1) year prior to Plaintiffs' injury, including but not limited to documents reflecting the name of the employee who requested the repairs and/or maintenance, the name of the person who carried out the repairs and/or maintenance, and the date on which said repairs and/or maintenance took place.

**RESPONSE:**

11.     Contracts and/or leases that relate to the repair, maintenance, renovation, inspection, and/or management of defendant's work provided at the **LIONSTONE PARTNERS LTD., AND FIRST COLONY MALL, LLC.,** property in question.

**RESPONSE:**

12.     Documents that show the organizational structure and responsibilities of employees within your organization.

**RESPONSE:**

13.     Documents reflecting your procedures, policies and/or standards with regards to the proper safety practices and/or janitorial services provided on the premises in question.

**RESPONSE:**

14.     Training procedures that were used to train your employees on any aspect of proper safety practices and/or janitorial services provided on the premises in question.

**RESPONSE:**

15.     Handbooks, rulebooks, training manuals, posted warnings, and/or guidelines given to your employees, pertaining to your safety practices and/or policies for the janitorial services provided at the premises in question.

**RESPONSE:**

16.    Documents stating the proper and/or recommended federal, state, county, or city governmental maintenance or safety guidelines, including but not limited to codes and/or ordinances, with regards to the maintenance of the premises in question.

**RESPONSE:**

17.    Correspondence, notes, letters, e-mails, facsimiles, memoranda or any other writings sent between you and Plaintiffs, your employees, and/or other defendants regarding the incident made the basis of this lawsuit, prior to suit being filed.

**RESPONSE:**

18.    Correspondence created prior to incident made the basis of this suit that reflects concerns that the premises, janitorial services, and/or flooring in question were not safe.

**RESPONSE:**

19.    Reports, citations and/or other  documents relating to inspections of the premises in question, conducted by you, your employees, and/or other defendants and their employees, at the time of and within the one (1) year prior to the incident made the basis of this suit.

**RESPONSE:**

20.    Reports, citations and/or documents relating to safety audits, inspections, or safety code violations, created/issued by your insurance carrier or anyone acting on behalf of any insurance carrier or federal, state, county or city department and/or agency, regarding the premises in question, at the time of and within one (1) year prior to the incident made the basis of this suit.

**RESPONSE:**

21.    Excess and/or umbrella insurance policies that were in effect with regards to the premises in question during the incident made the basis of this suit.

**RESPONSE:**

22.    Non-waiver agreement and/or reservation of rights letter that was either sent to the named insured or was signed by the named insured with regards to the incident made the basis of this suit.

**RESPONSE:**

EXHIBIT A

23.     Deposition testimony and/or trial transcripts from other lawsuits regarding liability on the premises in question, in which you have been involved.  This request is limited to the past five (5) years.

**RESPONSE:**

24.     Documents regarding incidents requiring medical attention involving the premises in question and/or services provided by you, that occurred in the one (1) year prior to the incident made the basis of this suit.

**RESPONSE:**

25.     Curriculum vitae and bibliography of any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

**RESPONSE:**

26.     Documents and tangible things, including reports, models, or data compilations, that have been provided or prepared by any consulting expert and reviewed by any testifying expert.

**RESPONSE:**

27.     Exhibits you intend to introduce at trial.

**RESPONSE:**

28.     Documents, including but not limited to judgments, sentencing, probation, convictions, plea papers, rap sheets, checks, or other writings related to or depicting any criminal conviction for each person you may or will attempt to impeach by evidence of conviction of a crime pursuant to rule 609 of the Texas Rules of Evidence.

**RESPONSE:**


29.     All information and/or documents obtained from IDEX pertaining to any expert named or designated either by Plaintiffs or Defendants in the present case.

**RESPONSE:**

30.     Documents that reflect the contractual/business relations between you, Plaintiffs, any non-party, and/or any other third party/entity involved with the incident made the basis of this suit.

**RESPONSE:**

EXHIBIT A

31.    Schedule for the year prior and subsequent to the Plaintiffs' injury that would reflect the times that you, your representatives, or your employees inspected the premises in question.

**RESPONSE:**

32.    Inspection reports or other documents relating to the observation of maintenance by any person or entity, including yourself, for the premises in question, for a period of one (1) year prior to, and all dates subsequent to the date of the incident made the basis of this suit.

**RESPONSE:**

33.    Documents reflecting the warnings posted and/or given to Plaintiffs and/or invitees on the premises before the incident made the basis of this suit occurred regarding the conditions that caused or contributed to said incident.

**RESPONSE:**

34.    Pursuant to Rule 196.4 of the Texas Rules of Civil Procedure, request is hereby made that you produce any electronic or magnetic data which are responsive to any previous request herein in the form of a USB external drive or CD-ROMs.

**RESPONSE:**

EXHIBIT A

Filed
11/14/2022 1:37 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

## CAUSE NO. 22-DCV-297835

| | | |
|---|---|---|
| PHOEBE BURNS, | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | 240TH JUDICIAL DISTRICT |
| | § | |
| FIRST COLONY MALL, LLC, | § | |
| LIONSTONE PARTNERS LTD., | § | |
| Individually AND Fictitious Defendant | § | |
| "A", Individually | § | |
|     Defendants | § | FORT BEND COUNTY, TEXAS |

---

## FIRST COLONY MALL, LLC'S SPECIAL EXCEPTIONS & ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, **First Colony Mall, LLC**, (hereafter "**Defendant**") files its Original Answer to Plaintiff's Original Petition in the above-referenced matter, and in support shows the Court:

### I. SPECIAL EXCEPTIONS

Defendant files it special exceptions to the entirety of Plaintiff's Original Petition and the role of Lionstone Partners Ltd. **First Colony Mall, LLC** is unable to determine from the Plaintiff's pleading what factual allegations are pled against it and what is pled against Lionstone. Further, First Colony cannot determine from the Plaintiff's Original Petition what role or capacity Lionstone has relative to First Colony in the incident made the basis of this lawsuit. For these reasons, First Colony asks this Court to order Plaintiff to replead with sufficient facts.

### II. GENERAL DENIAL

1.     Pursuant to the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation and cause of action in Plaintiff's Original Petition.

251162277v.1

<span style="color:red">EXHIBIT A</span>

### III.    DEFENSES

2.     Defendant would show that no acts or omissions by Defendant were the proximate cause of Plaintiff's alleged damages.

3.     Pleading further and in the alternative, Plaintiff's claims are barred, in whole or in part, by the negligence or comparative fault of Plaintiff.

4.     Pleading further and in the alternative, Plaintiff's damages, if any, may have been caused by the acts and omissions of third parties who Defendant does not control and for whom Defendant is not at law responsible.

5.     Pleading further and in the alternative, Defendant asserts that Plaintiff's damages, if any, were not caused by Defendant, but were the result of an unavoidable accident.

6.     Pleading further and in the alternative, Defendant would show the incident made the basis of this lawsuit was proximately or solely caused by superseding or intervening causes or by events or circumstances beyond Defendant's right of control and for such events or circumstances for which Defendant is not liable.

7.     Pleading further and in the alternative, Defendant asserts that Plaintiff's injuries, if any, are the result of pre-existing conditions.

8.     Pleading further and in the alternative, Defendant would show that Plaintiff is not entitled to an award of exemplary damages and that the assessment of exemplary damages against Defendant would amount to excessive punishment in violation of the Texas Constitution and the Constitution of the United States.   In the alternative, Defendant asserts that the Exemplary Damages Act, TEX. CIV. PRAC. & REM. CODE § 41.001, *et seq.*, applies to restrict and limit Plaintiff's claims for exemplary damages, and Defendant intends to invoke the damage cap in the unlikely event that exemplary damages are awarded.

251162277v.1

EXHIBIT A

9.      Defendant reserves the right to comparative responsibility as provided under Chapter 33 of the Texas Civil Practices and Remedies Code, and request that the fact finder apportion responsibility for the causes of action asserted in this lawsuit as provided under Chapter 33.

10.     Defendant asserts that for any claims for lost wages or loss of earning capacity, Defendant further invokes the limitation contained in Section 18.091 of the Texas Civil Practices and Remedies Code as to the recovery of lost wages or loss of earning capacity.

11.     Defendant asserts that pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code, any recovery of medical or health care expenses incurred by Plaintiff are limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

12.     In the event that Plaintiff settles with any alleged potential tortfeasor in this case, Defendant pleads all offsets and/or credits allowed under the statutory and common laws of the State of Texas.

## IV.     RESERVATION OF RIGHT TO AMEND

13.     Defendant reserves the right to amend this pleading in accordance with the Texas Rules of Civil Procedure, the agreement of the parties, and/or any scheduling order issued by the Court.

## V.     PRODUCTION OF DOCUMENTS SELF-AUTHENTICATING

Pursuant to Texas Rules of Civil Procedure 193.7, this will serve as actual notice that Defendant intends to use produced documents against Plaintiff in pretrial proceedings and at trial. Accordingly, production of a document(s) in response to the Request for Disclosure below authenticates the document(s) for use against Plaintiff in any pretrial proceeding or at trial unless

EXHIBIT A

a Plaintiff objects to the authenticity of any produced document(s) within the time limits as particularly set out in Texas Rules of Civil Procedure 193.7.

## IV.   INITIAL DISCLOSURES

14.   Under the authority of Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose within thirty (30) days of service of this Answer all of the information or material described in Texas Rule of Civil Procedure 194.

## V.   JURY DEMAND

15.   Defendant hereby requests a jury trial and will tender the required fee as required by law, if not already tendered by another party.

## VI.   CONCLUSION

Defendant **First Colony Mall, LLC** prays that Plaintiff take nothing by reason of her allegations being made against Defendant; that the Court find that Plaintiff take nothing by her claims and causes of action against Defendant; and that Defendant be granted such other relief, whether general or special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

By:     /s/ *Garett A. Willig*
        Garett A. Willig
        State Bar No. 24066297
        garett.willig@wilsonelser.com
        Eric Gruetzner
        State Bar No. 24036690
        eric.gruetzner@wilsonelser.com
        909 Fannin Street, Suite 3300
        Houston, Texas 77010
        Ph. (713) 353-2000
        Fx. (713) 785-7780
        **ATTORNEYS FOR DEFENDANT,
        FIRST COLONY MALL, LLC**

4

251162277v.1

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on November 14, 2022.

Michael Antalan
The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
mantalan-svc@thomasjhenrylaw.com
mantalan@thomasjhenrylaw.com
**ATTORNEY FOR THE PLAINTIFF**


                                        */s/ Eric Gruetzner*
                                        Eric Gruetzner

5

EXHIBIT A

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eric Gruetzner on behalf of Eric Lee Gruetzner
Bar No. 24036690
eric.gruetzner@wilsonelser.com
Envelope ID: 70144930
Status as of 11/14/2022 3:53 PM CST

Associated Case Party: Phoebe Burns

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Antalan | 24039615 | mantalan-svc@antalanlawgroup.com | 11/14/2022 1:37:48 PM | SENT |
| Michael Antalan | | mantalan-svc@thomasjhenrylaw.com | 11/14/2022 1:37:48 PM | ERROR |
| Michael Antalan | | mantalan@thomasjhenrylaw.com | 11/14/2022 1:37:48 PM | ERROR |

Associated Case Party: First Colony Mall, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Garett Willig | 24066297 | garett.willig@wilsonelser.com | 11/14/2022 1:37:48 PM | SENT |
| Eric Lee Gruetzner | 24036690 | eric.gruetzner@wilsonelser.com | 11/14/2022 1:37:48 PM | SENT |
| Zainab Tarique | | zainab.tarique@wilsonelser.com | 11/14/2022 1:37:48 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michelle Cochran | | michelle.cochran@wilsonelser.com | 11/14/2022 1:37:48 PM | SENT |
| Liliana Kuemmel | | liliana.kuemmel@wilsonelser.com | 11/14/2022 1:37:48 PM | SENT |
| Kristy Alcia | | kristy.alcia@wilsonelser.com | 11/14/2022 1:37:48 PM | SENT |

EXHIBIT A